SMITH, Judge.
Two years and eleven months after termination of the agreement by which appellant granted appellees an exclusive license to engage in business marketing appellant’s management and record keeping systems in specified counties, appellant filed this action to enforce by injunction the restrictive covenant by which appellees agreed not to compete in the territory for three years after termination of the agreement. Upon a hearing conducted after the third anniversary of the agreement’s termination, the circuit judge dismissed the complaint for injunctive relief but granted appellant leave to amend to claim money damages at law. By this interlocutory appeal we review the trial court’s determination, from the face of appellant’s complaint, that appellant was not entitled to injunctive relief.
By a divided decision in Capelouto v. Orkin Exterminating Co. of Fla., Inc., 183 So.2d 532 (Fla.1966), app. dism., 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10, the Florida Supreme Court affirmed a chancellor’s decision holding Orkin entitled to injunctive relief against a former employee. The chancellor decreed noncompetition for the specified two years beginning on a future date set in the decree rather than on the date appellant’s employment was terminated, as required by the letter of the agree *1199 ment. To deny Orkin such prospective relief for the full two-year period, the Court reasoned, would render the agreement and the Court’s approval of it ineffective simply because the litigation itself consumed much of the period in which there was to have been no competition. The Supreme Court noted that the controversy was swiftly submitted to the trial court within a month after the employment terminated and the dispute arose.
The question here, as in Capelouto, is whether the chancellor erred in deciding an equitable matter. Appellant’s complaint shows that, as in Capelouto, the parties ended their contractual relationship with a controversy over whether appellees could refuse to sell their accounts and goodwill to appellant and, instead, continue doing business in the territory in competition with appellant. In contrast with the circumstances in Capelouto, however, appellees were content to pursue their business without litigation and appellant was content for more than two years and eleven months to allow them to do so unchallenged. On that ground the chancellor determined that there were no grounds for equitable modification of the contractual period of protection, as in Capelouto, and so dismissed with prejudice appellant’s claim for injunctive relief.
The distinction which the chancellor saw between this case and Capelouto is a telling one, in our opinion, justifying his dismissal of the equitable aspects of the case. Appellant has no justifiable claim to the extraordinary equitable remedy which was fashioned in Capelouto after knowingly permitting appellees to carry on their business under a claim of right for virtually the full span of the protected period.
We therefore sustain the chancellor’s decision that the three-year period of noncom-petition prescribed by the contract had virtually run when the action was commenced and had run when the motion to dismiss the equitable claim was presented. Our holding is not based strictly on the affirmative defense of laches, an alternative ground of the chancellor’s decision, for the complaint did not show on its face that appellees lacked knowledge that appellant would eventually hope to assert rights under the contract. See Van Meter v. Kelsey, 91 So.2d 327, 331 (Fla.1956). It is unnecessary for us to consider other grounds argued by counsel for sustaining the chancellor’s ruling.
Interlocutory appeal dismissed.
BOYER, C. J., and MILLS, J., concur.